The Procter and Gamble Manufacturing Company v. Commissioner.
P&G Mfg. Co. v. Commissioner
Docket No. 3338.
United States Tax Court
1946 Tax Ct. Memo LEXIS 260; 5 T.C.M. (CCH) 93; T.C.M. (RIA) 46041; February 18, 1946
*260 C. Chester Guy, Esq., 618 Southern Bldg., Washington, D.C., for the petitioner. Cecil H. Haas, Esq., for the respondent. LEECH Memorandum Opinion LEECH, Judge: This controversy involves deficiencies in income taxes for the taxable years ended June 30, 1939 to June 30, 1941, inclusive, in the respective amounts of $2,019.72, $1,363.35 and $1,141.34. The sole contested issue is whether petitioner is entitled to a depletion deduction of 27 1/2 per cent on its share of the net profit realized from operations under an oil and gas lease. The facts have all been stipulated and are adopted as our findings of fact. Only a brief summary is necessary. Petitioner is an Ohio corporation with its principal office in Cincinnati, Ohio. Its Federal tax returns for the periods involved were filed with the collector of internal revenue for the first district of Ohio at Cleveland. On July 26, 1937, petitioner and Thomas Breslin, fee owners of two adjoining tracts of land in Los Angeles County, California, entered into an "Oil and Gas Lease" with Richfield Oil Corporation. That agreement has since continued in full force and effect. In substance the agreement contains the usual *261 provisions of a typical oil and gas lease. The complete agreement is contained in the record, but a detailed analysis is unnecessary. The controversy arises from the fact that the lease contains no provision for the payment of a royalty to the lessor other than a percentage of the net profits determined under a prescribed formula. The respondent contends that where the owner leases solely for net profits he no longer has a direct interest in the production of mineral deposits and is not entitled to a 27 1/2 per cent depletion deduction under section 114 (b) (3). [1]
*262 The respondent relies upon the principles set forth in , while petitioner rests on the analogy of , and . Since this case was submitted, the Supreme Court has determined the conflict between the Kirby and Crawford decisions, reversing the former and affirming the latter. Kirby Petroleum Co. v. Commissioner; (decided January 28, 1946). In the light of this recent pronouncement the petitioner is sustained. Effect will be given to the stipulation respecting the issue raised in paragraph 4 (b) of the amended petition in the computation under the Rule. Decision will be entered under Rule 50. Footnotes
1. Section 114 (b) (3) of the Revenue Act of 1938 and the I.R.C. are identical and read as follows: SEC. 114. BASIS FOR DEPRECIATION AND DEPLETION. * * * * *
(b) Basis for Depletion. - * * * * *
(3) Percentage Depletion for Oil and Gas Wells. - In the case of oil and gas wells the allowance for depletion under section 23 (m) shall be 27 1/2 per centum of the gross income from the property during the taxable year, excluding from such gross income an amount equal to any rents or royalties paid or incurred by the taxpayer in respect of the property. Such allowance shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property, except that in no case shall the depletion allowance under section 23 (m) be less than it would be if computed without reference to this paragraph.↩